[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO MODIFY (#155) AND MOTION FOR CONTEMPT (#150)
The parties were divorced on July 31, 1989. The plaintiff was awarded $2,000 per month for 8 years as periodic alimony and $1,000 per month for the support of the minor child. Other orders were entered with respect to a division of the parties marital assets.
In September 1990 the defendant filed a Motion For Modification requesting that the payment of alimony be eliminated. At the time of the hearing on December 9, 1990 the defendant's income from his employment as a financial adviser was $128,400 gross per year with a net of $100,356 per year. The defendant had also received a one-time payment of $150,000 from C.S.L.F.C. The defendant's Motion to Modify was denied in December 1990. (Ryan, J.)
At the time of the dissolution, the court found the defendant reported 1988 net wages after business deductions to be $721,522.
On the defendant's September 1990 affidavit, the defendant indicated he has net earnings from income in the amount of approximately $100,356 plus a one time payment of $150,000 from the California Student Loan Finance Corporation.
In 1991, the defendant claims income revenue of $150,000 which he claims nets out to approximately $80,000 per year after business deductions.
The defendant has again filed this Motion to Modify the Order of Alimony and is again requesting that the alimony payments to the plaintiff be eliminated.
The defendant testified at the hearing held on August 26, CT Page 7727 1991 that in fact, his gross revenue in 1990 was $300,000. The defendant's 1990 tax return showed a total income of $414,000.
The defendant claims his ability to earn has diminished since the time of the dissolution in July 1989. No tax return for the year 1989 was produced at the hearing. The defendant's 1990 income tax return indicated $414,958 as the total income. The defendant's adjusted gross income for 1990 was $394,007.
The defendant claims his ability to earn has diminished because the market is shrinking, and because of changes in the tax laws. The defendant referred to the 1986 Tax Reform Act and the 1990 tax changes. The 1986 Tax Reform Act was in effect at the time of the dissolution in 1989.
In 1986, the defendant earned $332,419. In 1987 he earned $240,284. The court found the defendant's reported 1988 net wages after business deductions to be $721,522. No tax returns were provided for the year 1989. In 1990 the defendant's adjusted gross income was $394,007 according to his tax return. The defendant also received $20,000 reimbursement for business expenses.
In 1991, the defendant claims income revenue of $150,000 per year which he claims, nets out to $80,000 a year.
The defendant testified that at the present time he has equity funds, cash on hand, of approximately $116,000. This is at a time when the defendant is in arrears — the sum of $18,500 through August 30, 1991.
The defendant has remarried and he is now supporting a family of six. At the time of the dissolution the defendant had $17,000 in his checking account and $153,000 in retirement funds. His current affidavit reflects a negative checking account, although the defendant has cash of $116,000 — and no retirement funds.
The plaintiff continues to live in the D.C. area with their minor child and has continued in her toxicology program at Georgetown University Medical Hospital. Her fellowship income has not changed. The plaintiff also shows a shortfall between her income and her expenses. The plaintiff has IRA's securities of $65,772. She has purchased a home in Virginia and is completing the necessary renovations.
Both parties incur expenses in connection with the visitation of the minor child.
If the defendant is to be believed, this in fact is his CT Page 7728 first lean year since 1984. The court questions whether any of the business expenses listed on his current affidavit are for personal expenditures. Defendant's current affidavit includes the expenses for his present wife and her children, although no child support payments are noted, as set forth in the defendant's September 20, 1990 affidavit.
In any event, the defendant's revenue income of $150,000 in 1991 is substantially less than the defendant's net earnings as found by the court at the time of trial.
The court finds there has been a substantial change in the defendant's circumstances as set forth on his 1989 affidavit and enlarged by the trial testimony at the time of the dissolution, and the defendant's present income as reflected on his current affidavit.
The court enters the following orders:
1. The award of alimony is modified to $1,500 per month commencing September 1, 1991.
2. The defendant shall provide the plaintiff with copies of his 1991 and 1992 income tax return upon their completion.
3. The parties agreed that the arrearage through August 30, 1991 was $18,500 and the court so finds.
4. With respect to the arrears, the defendant shall pay to the plaintiff the sum of $10,000 within 30 days of date. The balance of the arrears, $8,500 shall be paid on or before March 1, 1992.
5. The plaintiff is awarded counsel fees in the amount of $500 payable within 30 days.
COPPETO, J.